UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   -against-

GILBERTO VALLE,

          Defendant.

12-CR-847 (PGG)

<u>ORAL ARGUMENT REQUESTED</u>

**MEMORANDUM OF LAW IN SUPPORT OF GILBERTO VALLE'S
MOTION FOR A CERTIFICATE OF INNOCENCE UNDER 28 U.S.C. § 2513**

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

Case 1:12-cr-00847-PGG    Document 436    Filed 05/27/16    Page 2 of 18

TABLE OF CONTENTS

PAGE NO.

TABLE OF AUTHORITIES ...................................................................................................ii-iv

PRELIMINARY STATEMENT ...............................................................................................1

BACKGROUND .......................................................................................................................1

LEGAL STANDARD................................................................................................................3

ARGUMENT.............................................................................................................................4

    I.      MR. VALLE WAS FOUND NOT GUILTY. ..............................................................4

    II.     MR. VALLE'S CONDUCT CONSTITUTED NO CRIMINAL OFFENSE...............5

          A.    Because Mr. Valle had no criminal intent and did not actually agree
              to kidnap anyone, he is innocent of conspiracy under federal and state law. ......5

              1.    Conspiracy requires intent and an agreement to commit a crime................5

              2.    The Court has already found by a preponderance of the evidence
                     that Mr. Valle did not specifically intend to or genuinely agree to
                     kidnap anyone. .....................................................................................................6

          B.    Mr. Valle did not commit a federal or state crime when he accessed a law
              enforcement database for personal purposes. ......................................................8

    III.    MR. VALLE DID NOT BRING ABOUT HIS OWN PROSECUTION BY
           MISCONDUCT OR NEGLECT. ...............................................................................10

CONCLUSION........................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Betts v. United States*,
10 F.3d 1278 (7th Cir. 1993) ................................................................................ 3, 10, 11, 12

*De La Rosa v. Holder*,
598 F.3d 103 (2d Cir. 2010) ..................................................................................... 7

*Diamen v. United States*,
604 F.3d 653 (D.C. Cir. 2010)................................................................................... 4

*Holmes v. United States*,
No. 4:08-CV-1142 (CEJ), 2015 WL 6702269 (E.D. Mo. Nov. 3, 2015) .............................. 11

*Iannelli v. United States*,
420 U.S. 770 (1975)................................................................................................ 5

*In re Enron Corp.*,
No. BR-01-16034, 2006 WL 1030413 (Bankr. S.D.N.Y. Apr. 10, 2006)............................. 9

*In re Pittsburgh & Lake Erie R.R. Co. Sec. & Antitrust Litig.*,
543 F.2d 1058 (3d Cir. 1976) .................................................................................... 9

*Jazz Photo Corp. v. United States*,
439 F.3d 1344 (Fed. Cir. 2006) ................................................................................. 7

*Menowitz v. Brown*,
991 F.2d 36 (2d Cir. 1993) ....................................................................................... 9

*Mitchell v. State*,
767 A.2d 844 (Md. 2001) ......................................................................................... 6

*People v. Camarre*,
569 N.Y.S.2d 246 (App. Div. 1991).............................................................................. 6

*People v. Golb*,
15 N.E.3d 805 (N.Y. 2014)........................................................................................ 10

*People v. Luciano*,
35 Misc. 3d 1217(A), 2012 WL 1473438 (N.Y. Sup. Ct. 2012) ............................................ 6

*People v. Ozarowski*,
344 N.E.2d 370 (N.Y. 1976)....................................................................................... 6

*People v. Washington*,
869 N.E.2d 641 (N.Y. 2007)....................................................................................... 6

*Pulungan v. United States*,
722 F.3d 983 (7th Cir. 2013) ............................................................................ 3, 10, 12

*Sinclair v. United States*,
109 F. Supp. 529 (Ct. Cl. 1953)................................................................................. 9

*Smith v. Railworks Corp.*,
No. 10-CV-3980, 2012 WL 752048 (S.D.N.Y. Mar. 6, 2012) ............................................. 9

*Stagi v. Delta Air Lines, Inc.*,
117 F.3d 76 (2d Cir. 1997) .................................................................................................. 9

*United States v. Graham*,
608 F.3d 164 (4th Cir. 2010) ........................................................................................ 4, 11

*United States v. Grubbs*,
773 F.3d 726 (6th Cir. 2014) .................................................................................... passim

*United States v. Hassan*,
578 F.3d 108 (2d Cir. 2008) ............................................................................................... 6

*United States v. Jimenez Recio*,
537 U.S. 270 (2003) ............................................................................................................ 5

*United States v. Keegan*,
71 F. Supp. 623 (S.D.N.Y. 1947) ....................................................................... 3, 10, 11, 12

*United States v. Lyons*,
726 F. Supp. 2d 1359 (M.D. Fla. 2010) ........................................................................... 11

*United States v. Mills*,
773 F.3d 563 (4th Cir. 2014) .............................................................................................. 4

*United States v. Morgan*,
385 F.3d 196 (2d Cir. 2004) ............................................................................................... 6

*United States v. Pinckney*,
85 F.3d 4 (2d Cir. 1996) ..................................................................................................... 6

*United States v. Quintieri*,
306 F.3d 1217 (2d Cir. 2002) ............................................................................................. 9

*United States v. Racing Servs., Inc.*,
580 F.3d 710 (8th Cir. 2009) .............................................................................................. 5

*United States v. Svoboda*,
347 F.3d 471 (2d Cir. 2003) ............................................................................................... 5

*United States v. Ulbricht*,
31 F. Supp. 3d 540 (S.D.N.Y. 2014) .................................................................................. 5

*Weiss v. United States*,
95 F. Supp. 176 (S.D.N.Y. 1951) ....................................................................................... 3

**Rules & Statutes**

18 U.S.C. § 1030 ............................................................................................................... 8, 9

28 U.S.C. § 2513 ............................................................................................................ passim

28. U.S.C. § 1495 ................................................................................................................... 3

N.Y. Penal Law § 156.............................................................................................................. 9

N.Y. Penal Law §§ 105.......................................................................................................... 6

**PRELIMINARY STATEMENT**

Gilberto Valle did not commit a crime.

He was charged with and found guilty of two: conspiring to kidnap women, and exceeding authorized access to a federal law enforcement database.  As to the first, this Court determined that Mr. Valle had a "lack of criminal intent" and that his supposed conspiracy was simply online role-play in gratification of a deviant sexual fantasy.  As to the second, the Second Circuit held that using legitimate credentials to access a database for personal purposes, in violation of the terms of one's employment, does not constitute a crime.

The case against Mr. Valle is now over.  The result is that Mr. Valle is innocent. Deviant, violent fantasizing with no criminal intent and no genuine agreement to commit criminal conduct is not a crime.  And using valid workplace credentials to access a database for impermissible personal purposes is not a crime.

Mr. Valle spent more than twenty months in federal custody, including about seven months in protective custody—that is, solitary confinement.  Mr. Valle now seeks a small measure of compensation for nearly two years of lost liberty.  He respectfully moves the Court to formally certify what has already been made clear: he did not commit a crime.

**BACKGROUND**

Because the Court is highly familiar with the facts and circumstances of this case, only limited background information is presented here.  Mr. Valle's conduct and the evidence presented at trial are described in detail in the Court's June 30, 2014 Memorandum Opinion & Order ("6/30 Op.", ECF No. 343).

Mr. Valle was arrested on October 24, 2012 on a criminal complaint charging him with conspiracy to commit kidnapping, 18 U.S.C. § 1201, and obtaining information from a

1

federal agency by unlawfully exceeding authorized access to a computer under the Computer Fraud and Abuse Act (CFAA), *id.* § 1030(a).[1]  *See* ECF No. 6; Docket Entry of Oct. 24, 2012. Mr. Valle was ordered detained pending trial on October 25, 2012.  *See* ECF Nos. 5, 6.  A grand jury indicted Mr. Valle for the same two offenses on November 15, 2012.  *See* ECF No. 9.  The Court denied bail at a bond hearing on November 20, 2012.  *See* ECF No. 13; Minute Entry of Nov. 20, 2012.

A trial on both counts of the indictment began on February 11, 2013.  At the close of the Government's case-in-chief, Mr. Valle moved for a judgment of acquittal on both counts; the Court reserved decision.  *See* 6/30 Op. 41.  The jury convicted Mr. Valle of both counts on March 12, 2013.  ECF No. 126.  Mr. Valle renewed his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a) and moved in the alternative for a new trial pursuant to Rules 29(d) and 33.  *See* 6/30 Op. 41.  On June 30, 2014, in a 118-page written decision, the Court granted Mr. Valle's motion for a judgment of acquittal and conditionally granted his motion for a new trial with respect to Count One (conspiracy).  *See* 6/30 Op.  The Court denied Mr. Valle's motions with respect to Count Two (exceeding authorized access).  *See id.*  The Court ordered Mr. Valle released on bond, with various other conditions, on July 1, 2014.  *See* ECF No. 344.

The Government appealed the Court's grant of the Rule 29 and Rule 33 motions on Count One.  *See* ECF No. 356.  On November 12, 2014, the Court sentenced Mr. Valle to twelve months in prison (time served), followed by one year of supervised release, for his conviction on Count Two.  *See* ECF No. 384.  Mr. Valle then appealed from the Court's judgment of conviction.  *See* ECF No. 385.

---

[1] For convenience, this offense will be referred to as "exceeding unauthorized access."

On December 3, 2015, the Second Circuit affirmed the Court's grant of the Rule 29 motion on Count One and reversed the judgment of conviction on Count Two. *See* ECF No. 422 ("2d Cir Op."). The Court of Appeals issued the mandate on January 20, 2016. *See* ECF Nos. 425, 426. The Government declined to petition for rehearing en banc or certiorari.

## LEGAL STANDARD

28 U.S.C. § 2513 provides compensation for "persons who are actually innocent—whether because they did not do what the indictment charged or because what they did is not a crime." *Pulungan v. United States*, 722 F.3d 983, 985 (7th Cir. 2013).[2] Under the statute, a person wrongfully convicted of a federal crime is entitled to no more than $50,000 in compensation for each twelve-month period of incarceration. *See* 28 U.S.C. § 2513(d). Before bringing suit in the Court of Federal Claims, *see id.* § 1495, the person must obtain a "certificate of innocence" from the district court in which he was convicted. *Betts v. United States*, 10 F.3d 1278, 1280 (7th Cir. 1993).

> To obtain a certificate of innocence, a wrongfully convicted person must show:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions, in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

---

[2] The Second Circuit has never applied 28 U.S.C. § 2513. The only New York district court decisions that substantively construe the statute were published more than sixty-five years ago. *See Weiss v. United States*, 95 F. Supp. 176 (S.D.N.Y. 1951); *United States v. Keegan*, 71 F. Supp. 623 (S.D.N.Y. 1947). This memorandum of law therefore relies principally on out-of-circuit and out-of-district authority.

*Id.* § 2513(a).  The certificate of innocence is the sole method of proving the requisite facts in an eventual action in the Court of Claims.  *See id.* § 2513(b).  The statute does not contemplate, let alone require, any finding of fault or wrongdoing by the Government or its agents.  *See id.* § 2513.

The Court has "substantial discretion" in determining whether to grant a certificate of innocence.  *United States v. Mills*, 773 F.3d 563, 566 (4th Cir. 2014) (quoting *United States v. Graham*, 608 F.3d 164, 166 (4th Cir. 2010)); *accord Diamen v. United States*, 604 F.3d 653, 656 (D.C. Cir. 2010).  The applicant for a certificate must establish that he satisfies the statutory requirements by a preponderance of the evidence.  *See United States v. Grubbs*, 773 F.3d 726, 732-33 (6th Cir. 2014).  If the applicant presents no additional evidence, the Court should rely on the evidence presented at trial.  *See id.* at 733.

## ARGUMENT

Mr. Valle satisfies all of the statutory requirements for a certificate of innocence.  Given that he is innocent of the crimes charged, Mr. Valle is entitled to modest, no-fault compensation for spending 616 days imprisoned in a federal correctional facility—about a third of which was spent in solitary confinement.

## I.    MR. VALLE WAS FOUND NOT GUILTY.

It is readily apparent from the record that Mr. Valle's "conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted."  28 U.S.C. § 2513(a)(1).  First, the Court granted Mr. Valle's motion for a judgment of acquittal on Count One.  *See* 6/30 Op.  Next, the Second Circuit held that under the CFAA, a person does not "'exceed authorized access' to a computer when, with an improper purpose, he accesses a computer to obtain or alter information that he is otherwise authorized to access."  2d

4

Cir. Op. 5.  The Second Circuit therefore concluded that the statute did not criminalize Mr.

Valle's conduct: "violat[ing] the terms of his employment by putting his authorized computer

access to personal use."  *Id.* at 29.  There can be no dispute that Mr. Valle has been found not

guilty of both counts of the indictment.

## II.    MR. VALLE'S CONDUCT CONSTITUTED NO CRIMINAL OFFENSE.

Mr. Valle's acts, deeds, and omissions in connection with Counts One and Two of

the indictment constituted no offense against any sovereign.  *See* 28 U.S.C. § 2513(a)(2).

### A.    Because Mr. Valle had no criminal intent and did not actually agree to kidnap anyone, he is innocent of conspiracy under federal and state law.

The Court has already effectively determined that Mr. Valle is innocent of

conspiracy in vacating the jury's verdict on Count One.  A reversal of a conviction based upon

the insufficiency of the evidence does not necessarily entitle the defendant to a certificate of

innocence.  *See United States v. Racing Servs., Inc.*, 580 F.3d 710, 712 (8th Cir. 2009).  The

Government can fail to prove its case at trial for a variety of reasons even though the defendant is

guilty.  *See id*.  But where, as here, the preponderance of the evidence at trial establishes the

defendant's innocence, a certificate of innocence is appropriate.

### 1.    Conspiracy requires intent and an agreement to commit a crime.

"[T]he essence of a conspiracy is 'an agreement to commit an unlawful act.'"

*United States v. Jimenez Recio*, 537 U.S. 270, 274 (2003) (quoting *Iannelli v. United States*, 420

U.S. 770, 777 (1975)); *accord United States v. Svoboda*, 347 F.3d 471, 476 (2d Cir. 2003);

*United States v. Ulbricht*, 31 F. Supp. 3d 540, 550 (S.D.N.Y. 2014).

Under federal law, the offense of conspiracy has three elements: (1) an agreement

among the conspirators to commit an offense; (2) a specific intent to achieve the objective of the

5

conspiracy; and (3) an overt act in furtherance of the object of the conspiracy. *See United States v. Pinckney*, 85 F.3d 4, 8 (2d Cir. 1996). Conspiracy is a specific intent crime, and the defendant must specifically intend to commit the underlying criminal act—here, kidnapping. *See United States v. Hassan*, 578 F.3d 108, 123 (2d Cir. 2008); *United States v. Morgan*, 385 F.3d 196, 206 (2d Cir. 2004).

The same is true under New York law. Conspiracy requires a genuine agreement to commit a crime. *See, e.g.*, *People v. Washington*, 869 N.E.2d 641, 644 (N.Y. 2007). Furthermore, the defendant must have the specific intent to commit the crime he is accused of conspiring to commit.[3] *See* N.Y. Penal Law §§ 105.00, 105.05, 105.10, 105.13, 105.17; *People v. Ozarowski*, 344 N.E.2d 370, 375-76 (N.Y. 1976); *People v. Camarre*, 569 N.Y.S.2d 246, 246 (App. Div. 1991); *People v. Luciano*, 35 Misc. 3d 1217(A), 2012 WL 1473438, at *4 (N.Y. Sup. Ct. 2012).

Mr. Valle is innocent of conspiracy under federal and state law because he neither specifically intended nor genuinely agreed to kidnap any person.

### 2. The Court has already found by a preponderance of the evidence that Mr. Valle did not specifically intend to or genuinely agree to kidnap anyone.

This was an "unusual" and "extraordinary" case involving "unique circumstances." 6/30 Op. 1, 7. There was no dispute between the parties about what Mr. Valle said in online chats and emails; what disturbing images he looked at; what real-world actions he took; and which women he fantasized about. There was no dispute that the vast majority of Mr.

---

[3] As the Court is aware, Mr. Valle at one point took a trip to Maryland—a family trip involving a "pleasant" lunch with Kimberly Sauer, "the only reasonable inference flowing from [which] is that it was the culmination of Valle's fantasy concerning Sauer, and not a step toward actually kidnapping her," 6/30 Op. 86, 89. To the extent it is potentially relevant, conspiracy is also a specific intent crime under Maryland law. *See Mitchell v. State*, 767 A.2d 844, 853 (Md. 2001).

Valle's activities were "nothing more than fantasy role-play." *Id.* at 3.  The only question was whether, in his interactions with three purported co-conspirators, Mr. Valle's violent fantasies transmogrified into a genuine agreement with "specific intent to actually kidnap a woman." *Id.* at 6.  After considering the evidence in painstaking detail, the Court held that "the balance of the evidence" supported Mr. Valle's position that he did not enter into a genuine agreement to commit a kidnapping and did not have the specific intent to commit a kidnapping. *Id.* at 95-96.  In other words, "the weight of the evidence supports Valle's contention that he was engaged in fantasy role-play rather than in planning a series of real kidnappings." *Id.* at 96.

This is precisely Mr. Valle's burden on his motion for a certificate of innocence: to prove by a preponderance of the evidence that he did not intend to or did not agree to kidnap anyone.  *See Grubbs*, 773 F.3d at 732-33; *see also De La Rosa v. Holder*, 598 F.3d 103, 108 (2d Cir. 2010) (preponderance of the evidence means "the greater weight of the evidence" (quoting *Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1350 (Fed. Cir. 2006))).  In acquitting Mr. Valle of conspiracy, the Court did not merely conclude that the Government failed to adduce sufficient evidence to carry its burden of proof beyond a reasonable doubt at trial.  The Court concluded—over and over again—that Mr. Valle's conduct only made sense in the context of fantasy role-play, and that there was no basis to support even a reasonable inference that Mr. Valle actually intended to kidnap women.

The Court's previous decision leads inexorably to the conclusion that Mr. Valle is innocent of conspiracy.  For example:

- Mr. Valle's online chats in furtherance of the purported conspiracy were "substantively indistinguishable" from his concededly fantastical chats.  6/30 Op. 57.  Both kinds of chats involved Mr. Valle presenting himself as a kidnapper for money, while also including a variety of fantastical claims about human-sized ovens, soundproofed basements, and prior 'kidnappings' that never occurred. *See id.* at 59-60.  Both kinds of chats involved references to getting caught. *Id.* at 69.

7

- It is "*inconceivable*" that coconspirators who had a genuine agreement and the specific intent to kidnap people would repeatedly let the planned dates for those kidnappings pass without any comment. *Id.* at 65 (emphasis added). Mr. Valle's failure to follow up with his supposed coconspirators about scheduled 'kidnappings' was "entirely inconsistent with the notion that [he] was involved in plotting real kidnappings." *Id.*

- Mr. Valle's expressed intention to lure one person to India, kidnap another person in Manhattan, and kidnap another person in Columbus, Ohio on the same day was "entirely inconsistent" with a genuine agreement to kidnap anyone. *Id.* at 65.

- Mr. Valle's repeated refusal to provide Kimberly Sauer's address to 'Moody Blues' is "inexplicable" unless Mr. Valle was engaged in fantasy role-play. *Id.* at 88.

- Mr. Valle's repeated lies and contradictions about Andria Noble's whereabouts "are inexplicable in the context of a real kidnapping conspiracy" and confirm that Mr. Valle was engaged in fantastical discussion. *Id.* at 91.

The Court has exhaustively considered the evidence. The only outcome consistent with its June 2014 decision is that a preponderance of the evidence establishes that Mr. Valle did not intend to or agree to kidnap anyone and, thus, a certification of his innocence is warranted. *See* 28 U.S.C. § 2513(a)(2); *Grubbs*, 773 F.3d at 732-33.

**B.    Mr. Valle did not commit a federal or state crime when he accessed a law enforcement database for personal purposes.**

As an officer in the New York City Police Department (NYPD), Mr. Valle had lawful access the NYPD's Omnixx Force Mobile software ("OFM"), which enables officers to search various law enforcement databases, including the federal National Crime Information Center database. *See* 2d Cir. Op. 7. In May 2012, Mr. Valle obtained information from OFM about Maureen Hartigan, a woman about whom he had been fantasizing, in violation of the NYPD's restrictions on access to the software. *See id.*

The Second Circuit has concluded that these acts do not constitute the offense of exceeding authorized access under 18 U.S.C. § 1030(a). *See* 2d Cir. Op. 5, 28-38. That statute

does not criminalize the conduct in which Mr. Valle concededly engaged: violating an employer's terms of service by using authorized computer access to obtain information from a database for impermissible personal purposes. *See id.* at 29. It is the law of the case that Mr. Valle's undisputed conduct does not constitute this federal offense, and this Court must so conclude.[4] *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) ("The law of the case doctrine . . . requires a trial court to follow an appellate court's previous ruling on an issue in the same case." (citations omitted)); *accord Stagi v. Delta Air Lines, Inc.*, 117 F.3d 76, 79-80 (2d Cir. 1997).

Mr. Valle must also demonstrate that his acts did not "constitute a crime against the state in which the acts occurred." *Grubbs*, 773 F.3d at 732; *see also Sinclair v. United States*, 109 F. Supp. 529, 531 (Ct. Cl. 1953) (considering whether acts charged constituted a crime against the state "in which the acts were committed"). They did not. The New York criminal statute proscribing unauthorized use of a computer provides: "A person is guilty of unauthorized use of a computer when he or she knowingly uses, causes to be used, or accesses a computer, computer service, or computer network without authorization." N.Y. Penal Law § 156.05. The

---

[4] It is irrelevant that a different Court of Appeals might have concluded that Mr. Valle's acts did constitute an offense against the United States if he had engaged in similar conduct elsewhere. *See* 2d Cir. Op. 31 (describing circuit split in the construction of 28 U.S.C. § 1030(a)). For the purposes of a court in the Second Circuit, the law of the United States—the entire United States—is that the CFAA does not criminalize Mr. Valle's conduct. A court applying substantive federal law treats it as unitary even though other federal courts may interpret it differently. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993); *see also In re Pittsburgh & Lake Erie R.R. Co. Sec. & Antitrust Litig.*, 543 F.2d 1058, 1065 n.19 (3d Cir. 1976) ("[F]ederal law, in its area of competence, is assumed to be nationally uniform, whether or not it is in fact."); *Smith v. Railworks Corp.*, No. 10-CV-3980, 2012 WL 752048, at *5 (S.D.N.Y. Mar. 6, 2012) (because federal law is treated as unitary despite disagreements, a transferee court applies its own circuit's interpretation of substantive federal law, not the transferring circuit's); *In re Enron Corp.*, No. BR-01-16034, 2006 WL 1030413, at *4 (Bankr. S.D.N.Y. Apr. 10, 2006) ("Under the unitary principle there is but one law, and a court is bound to the law as interpreted by the circuit in which that court sits. Ultimately the parties may seek to reconcile any conflict in interpretation among the circuits through the appellate process.").

New York Court of Appeals has squarely held that this statute is only "intended to reach a person who accesses a computer system without permission (i.e., a hacker)" and does not criminalize the use of otherwise legitimate access credentials for impermissible purposes. *People v. Golb*, 15 N.E.3d 805, 814 (N.Y. 2014). Thus, in *Golb*, the Court of Appeals vacated the conviction of a person who used his legitimate access to the New York University (NYU) computer network to send fraudulent emails impersonating others in violation of NYU's terms of access. *See id.*

Under binding precedent, Mr. Valle did not commit a state or federal offense when he accessed the OFM in violation of his employer's terms of access. The Court should therefore certify that Mr. Valle's conduct in connection with Count Two of the indictment did not constitute an offense. *See* 28 U.S.C. § 2513(a)(2); *Pulungan*, 722 F.3d at 985.

## III.    MR. VALLE DID NOT BRING ABOUT HIS OWN PROSECUTION BY MISCONDUCT OR NEGLECT.

Section 2513 contemplates relief for persons who were wrongly charged with non-criminal "acts, deeds, or omissions," but who did not bring about their own prosecution by "misconduct or neglect." 28 U.S.C. § 2513(a)(2). It follows from this statutory language that "misconduct or neglect" means something *other* than the acts, deeds, or omissions the Government wrongly believed were criminal. Thus, a person brings about his prosecution by his own misconduct or neglect only if he "acted or failed to act in such a way as to mislead the authorities into thinking he had committed an offense." *Betts*, 10 F.3d at 1285; *accord Grubbs*, 773 F.3d at 732 n.4; *Pulungan*, 722 F.3d at 986. Examples of such conduct include an attempt to flee, an attempt to "take the fall" for someone else, a false confession, or the removal of evidence or witness tampering. *See Betts*, 10 F.3d at 1285 (citing *United States v. Keegan*, 71 F. Supp. 623, 638 (S.D.N.Y. 1947)). Put differently, a defendant does not bring about his prosecution by his own misconduct unless he did "anything 'extra' beyond the conduct charged in the

10

indictment that resulted in his prosecution." *Holmes v. United States*, No. 4:08-CV-1142 (CEJ), 2015 WL 6702269, at *3 (E.D. Mo. Nov. 3, 2015) (quoting *United States v. Lyons*, 726 F. Supp. 2d 1359, 1366 (M.D. Fla. 2010)).[5]

There is no suggestion in this case that Mr. Valle engaged in additional conduct, apart from that with which he was charged, to mislead authorities into believing he had committed a crime. To the extent the Government attempts to construe Mr. Valle's post-arrest statement to FBI Special Agent Anthony Foto as "misconduct," this statement falls far short of a false confession or other act to mislead the authorities into believing Mr. Valle had committed an offense. After his arrest, Mr. Valle was interviewed by Special Agent Foto, who falsely told Mr. Valle that he had been under surveillance for more than a year. *See* 6/30 Op. 39. Mr. Valle, who was familiar with the law of probable cause and investigative methods as a police officer, speculated that Mr. Foto was "there for conspiracy to murder, commit murder or attempted murder." *Id.* at 39. Mr. Valle made clear that he had no intention of "go[ing] through with" an actual kidnapping. *Id.* at 40. Mr. Valle's speculation about the basis upon which the FBI believed it had probable cause to arrest him does not rise to the level of "misconduct" within the meaning of 28 U.S.C. § 2513(a)(2). *See Grubbs*, 773 F.3d at 732 n.4; *Betts*, 10 F.3d at 1285; *Keegan*, 71 F. Supp. at 638. And even if it did, it certainly did not "bring about" Mr. Valle's

---

[5] Contrary to the Sixth and Seventh Circuits and these district courts, the Fourth Circuit has suggested that this construction of "misconduct or neglect" is too "narrow." *United States v. Graham*, 608 F.3d 164, 174 (4th Cir. 2010). But the Fourth Circuit did not propose its own construction of the term. *See id.* In any event, "misconduct or neglect" must be separate and apart from the "acts, deeds, or omissions" that the Government wrongly charged as criminal. The purpose of 28 U.S.C. § 2513 is, in part, to compensate people whose noncriminal conduct the Government mistakenly identified as criminal. Such persons are unlikely to have been charged with a crime for engaging in entirely innocuous behavior. The statute's purpose would be thwarted if they could be denied compensation by deeming the same conduct the government confused for a crime to be "misconduct" that "cause[d]" their prosecution. 28 U.S.C. § 2513(a)(2).

prosecution on wholly distinct charges. *See id.* The Government has *never* alleged that Mr. Valle agreed to, intended to, or attempted to "murder" anyone. It cannot claim that Mr. Valle's post-arrest statement misled it into believing he committed a crime it has never accused him of committing. *See Betts*, 10 F.3d at 1285.

Nor does Mr. Valle's mistaken assertion to Special Agent Foto that he dropped his wife off for lunch on Alisa Friscia's block on March 1, 2012 constitute "misconduct." *See* 6/30 Op. 19-20 n.20, 70-72. Viewing the evidence evenhandedly, rather than in the light most favorable to the Government, this statement is best understood as a simple mix-up of dates under the pressure of an interrogation eight months later, not an intentionally false exculpatory statement. *Cf. id.* at 71. Mr. Valle's wife acknowledged at trial that he dropped her off for lunch in Ms. Friscia's neighborhood on a date she could not remember in May or June 2012, and that she had lunch with Ms. Friscia on that date. *See id.* at 70-71. More important, "misconduct" under 28 U.S.C. § 2513(a)(2) means false *inculpation*, not false exculpation. *See Betts*, 10 F.3d at 1285; *Keegan*, 71 F. Supp. at 638. Misstating an innocuous reason why he was in a particular public place on a particular afternoon did not suffice to "mislead" the authorities into believing that Mr. Valle was a kidnapper. *Betts*, 10 F.3d at 1285; *accord Grubbs*, 773 F.3d at 732 n.4; *Pulungan*, 722 F.3d at 986.

## CONCLUSION

None of Mr. Valle's conduct was criminal. He engaged in no misconduct separate and apart from the lawful acts with which he was charged. He is entitled to bring suit in the Court of Claims for a small measure of compensation—capped by statute at approximately $137 per day of incarceration, and amounting to roughly $84,500 in total in this case—for the 616 days he spent in federal custody for committing no crime.

The Court should issue an order certifying that:

(1) Mr. Valle's convictions on Count One and Count Two were set aside on the ground that he was not guilty of the offenses charged.

(2) Mr. Valle's acts, deeds, or omissions in connection with Count One and Count Two constituted no offense against the United States, or any State, Territory or the District of Columbia; and

(3) Mr. Valle did not cause or bring about his own prosecution by misconduct or neglect.

Dated: May 27, 2016
New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP


_____/s/_____
DOUGLAS E. LIEB

600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000
dlieb@ecbalaw.com

*Attorney for Gilberto Valle*

13