UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   -against-

GILBERTO VALLE,

              Defendant.

12-CR-847 (PGG)

<u>ORAL ARGUMENT REQUESTED</u>

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF GILBERTO VALLE'S MOTION FOR A CERTIFICATE OF INNOCENCE UNDER 28 U.S.C. § 2513**

EMERY CELLI BRINCKERHOFF & ABADY LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

## PRELIMINARY STATEMENT

28 U.S.C. § 2513 compensates people who were convicted of federal crimes for engaging in lawful conduct that the Government misidentified as unlawful.  Gilberto Valle is one such person.

The Government does not dispute that Mr. Valle *is* innocent.  It only claims that he has not yet been *found* innocent of conspiracy, and that he brought his prosecution on himself.  Neither argument has any legal merit.

First, the whole point of this motion is to obtain a finding of innocence.  The Court was answering a different question when it granted Mr. Valle's motion for judgment of acquittal.  But now that the issue is presented, the Court's previous reasoning compels the conclusion that Mr. Valle is actually innocent.

Second, the overwhelming majority of courts to construe § 2513 have concluded that an innocent person's "misconduct" only bars recovery when it is separate and apart from the charged conduct.  That is the only construction of the statute that fulfills one of its two purposes: compensating people convicted for committing lawful acts the Government wrongly identified as criminal.  Under the majority rule—the correct rule—Mr. Valle did not bring about his prosecution by his own misconduct.

At long last, the Government no longer questions it: Mr. Valle's conduct was not criminal.  He is innocent.  Because he was convicted for innocent acts, Mr. Valle is entitled to approximately $84,500 in no-fault compensation for the 616 days he spent in federal custody.

## ARGUMENT

There are three requirements for a certificate of innocence: (1) Mr. Valle's conviction was set aside on the ground that he was not guilty; (2) he is actually innocent,

1

meaning that his conduct did not constitute either a federal or a state offense; and (3) he did not bring about his own prosecution by misconduct or neglect. 28 U.S.C. § 2513(a). The Court must determine whether Mr. Valle satisfies these requirements by a preponderance of the evidence, based on the record at trial. *See United States v. Grubbs*, 773 F.3d 726, 732-33 (6th Cir. 2014).

The Government concedes, as it must, that the first requirement is satisfied.

And the Government does not meaningfully dispute the second. It concedes that Mr. Valle is innocent of any state or federal crime for the (impermissible) use of his legitimate access to a law enforcement database. Without questioning that Mr. Valle is innocent of conspiracy, it bizarrely claims the Court cannot grant a certificate of innocence because it has not *already* found Mr. Valle innocent. *See* Response of the United States of America ("Gov't Opp.," ECF No. 441) at 9-11. That is not the law.

The Government principally disputes whether Mr. Valle has met the third requirement, offering a greatest-hits recap of its trial case in an effort to show that he brought about his own prosecution by his alleged misconduct. *See id.* at 11-13. But the Government's argument is premised upon its rejection of judicial consensus about the statute's meaning. When "misconduct" is defined correctly, Mr. Valle prevails.

## I.   MR. VALLE IS UNDISPUTEDLY INNOCENT OF CONSPIRACY, AND THE COURT SHOULD SO CERTIFY NOW

As explained in his motion papers, Mr. Valle is innocent of conspiracy because he lacked criminal intent and did not agree to or intend to kidnap anyone. *See* Memorandum of Law in Support of Motion ("Valle Mem.," ECF No. 436) at 5-8. In granting Mr. Valle's Rule 29 motion, the Court already found by a preponderance of the evidence that Mr. Valle was simply engaged in fantasy role-play and thus lacked criminal intent. *See id.* at 6 (citing June 30, 2014

Memorandum Opinion & Order ("6/30 Op.," ECF No. 343)).  The only conclusion consistent with the Court's previous order is that Mr. Valle is innocent of any crime associated with the conduct charged in Count One of the indictment.  As this Court held, Mr. Valle's conduct was "entirely inconsistent with" a genuine conspiracy, and would have been "inexplicable" and "inconceivable" if he had actually intended for kidnappings to occur.  6/30 Op. at 65, 88, 91.

The Government does not dispute that Mr. Valle is innocent, or that a finding of innocence is the only outcome consistent with the Court's previous decision.  The Government simply asserts that "[n]o court has found Valle innocent of the kidnapping conspiracy charges," as though that were somehow a bar to relief.  Gov't Opp. at 9.  It certainly is not.  The purpose of moving for a certificate of innocence under 28 U.S.C. § 2513 is to *obtain* a finding of innocence. *See, e.g.*, *Pulungan v. United States*, 722 F.3d 983, 986 (7th Cir. 2013) (remanding for factual determination as to whether a weapon exported without a license by acquitted defendant was a "defense article," as proscribed by statute); *United States v. Racing Servs., Inc.*, 580 F.3d 710, 712-13 (8th Cir. 2009) (affirming district court fact-finding about innocence on motion for certificate of innocence).  This very application will result in such a finding.

The question whether Mr. Valle is innocent of conspiracy has not been presented to the Court before.  It is presented now, for the first time—and now is the time to resolve it. The Court's previous reasoning dictates the answer: Mr. Valle is innocent of any state or federal offense.

## II. THE LAWFUL CONDUCT FOR WHICH MR. VALLE WAS WRONGFULLY CONVICTED IS NOT "MISCONDUCT" UNDER THE STATUTE

The overwhelming majority of courts to construe the statute agree: a defendant only "bring[s] about his prosecution" by "misconduct," 28 U.S.C. § 2513(a)(2), if he does something "'extra' beyond the conduct charged in the indictment that resulted in his

3

prosecution," *Holmes v. United States*, No. 4:08-CV-1142, 2015 WL 6702269, at *3 (E.D. Mo. Nov. 3, 2015) (quoting *United States v. Lyons*, 726 F. Supp. 2d 1359, 1366 (M.D. Fla. 2010)). Under this consensus rule, a finding of statutory "misconduct" requires that the defendant engage in affirmative acts, separate and apart from the underlying conduct, that mislead the authorities into believing he committed an offense—fleeing, falsely confessing, or withholding exculpatory evidence being the paradigmatic examples of such "misconduct." *See Grubbs*, 77 F.3d at 732 n.4; *Betts*, 10 F.3d at 1285-86; *see also Pulungan*, 722 F.3d at 986 (adopting the *Betts* definition of "misconduct," without citing the list of examples). This construction of § 2513 is drawn from a decision of this Court, *United States v. Keegan*, 71 F. Supp. 623, 638-39 (S.D.N.Y. 1947), which analyzed the statute's legislative history and identified these examples of "misconduct" in early versions of the text.

Conceding that Mr. Valle did not bring about his prosecution by "misconduct" under the consensus interpretation of that term, the Government instead urges a different construction. *See* Gov't Opp. at 8. It relies entirely on the decision of a divided Fourth Circuit—the only court to buck the consensus—in *United States v. Graham*, 608 F.3d 164 (4th Cir. 2010). In the Government's view, *any* unsavory conduct that plays some role in a defendant's prosecution, including even the charged conduct, bars recovery under § 2513.

This Court should reject this reading of § 2513 and follow the majority rule, not only because it is the majority rule among the circuits and in the district courts, but also because it is the only construction consistent with the statute's purpose.

The statute authorizes monetary relief for persons who were wrongfully charged with and convicted of noncriminal "acts, deeds, or omissions" that they *in fact committed*. 28 U.S.C. § 2513(a)(2). Lawful conduct that the United States Attorney's Office and a federal court

mistake for a federal offense will surely be less than completely seemly in some way or another. Yet § 2513 waives the sovereign immunity of the United States for the purpose of compensating people convicted for engaging in such behavior. *See id.*; *id.* § 1495. Defining "misconduct" to include the charged conduct would thwart this statutory objective. *See King v. Burwell*, 135 S. Ct. 2480, 2492-93 (2015) ("We cannot interpret federal statutes to negate their own stated purposes.").

> As the Seventh Circuit explained in *Betts*:
>
> In a moral sense, perhaps, a person who engages in conduct that a prosecutor or a trial court mistakenly believes to constitute a criminal offense might be said to have 'brought about' his prosecution, on the theory that he would not have been prosecuted if he had comported himself in a more upstanding fashion. Yet, construing the statute in that way would require courts to assess the virtue of a petitioner's behavior even when it does not amount to a criminal offense. We decline to interpret section 2513(a)(2) in that fashion.

*Betts*, 10 F.3d at 1285.

The Government does not question that, under the standard adopted in *Betts*, *Grubbs*, *Pulungan*, *Keegan*, *Holmes*, and *Lyon*, Mr. Valle did not bring about his prosecution by his own misconduct. *See* Gov't Opp. at 8, 11-13; Valle Mem. at 10-12. The third requirement for a certificate of innocence is also satisfied. *See* 28 U.S.C. § 2513(a)(2).

## REQUESTED RELIEF

Given that Mr. Valle engaged in no criminal conduct and no misconduct apart from the lawful acts with which he was charged, he entitled to bring suit in the Court of Claims for $137 a day in compensation for his 616 days in federal custody. The motion for a certificate of innocence should be granted.

The certificate of innocence requirement is jurisdictional, and the Court of Claims construes it strictly. *E.g.*, *Williams v. United States*, No. 15-552C, 2016 WL 1604391, at *3 (Fed. Cl. Apr. 19, 2016). If the Court grants Mr. Valle's motion, Mr. Valle respectfully requests that it do so in an order expressly certifying each of the three applicable requirements:

(1) Mr. Valle's conviction was set aside on the ground that he was not guilty of the offenses charged.

(2) Mr. Valle's acts, deeds, and omissions constituted no offense against the United States, or any State, Territory or the District of Columbia; and

(3) Mr. Valle did not cause or bring about his own prosecution by misconduct or neglect.

Dated:  August 31, 2016
        New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP


_____/s/_____
Douglas E. Lieb

600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000
dlieb@ecbalaw.com

*Attorney for Gilberto Valle*

6